## Commonwealth v. Castronova

*J. William Ditter, Jr.*, for Commonwealth.
*Duffy, McTigue & McElhone*, for defendant.

KNIGHT, P. J., November 14, 1955.—Defendant was convicted of carrying an over legal weight load on the motor vehicle he was operating, contrary to the provisions of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 30, 1955, P. L. 225. Defendant appealed and the case was heard de novo in this court.

These are the facts: On July 25, 1955, defendant was operating a three-axle dump truck loaded with sand. It was loaded at the Warner plant, in Philadelphia, and was to be delivered to a backing plant for the turnpike also in Philadelphia. When the vehicle operated by defendant was passing the Belmont barracks of the Pennsylvania State Police two officers suspected that the vehicle was overloaded, stopped the same and directed defendant to drive over the county line between Philadelphia and Montgomery County

for the purpose of weighing the vehicle and load. The county line was approximately 500 yards from the Belmont barracks and the spot to which defendant was directed to drive his vehicle for the purpose of weighing was the nearest available spot to the Belmont barracks. The truck and load were weighed in Montgomery County and was found to be nearly five tons overweight. The driver, defendant, was then arrested, taken before the nearest available justice of the peace in Montgomery County and after hearing, found guilty and fined the sum of $950 and costs. Then came this appeal.

There is not the slightest doubt of the guilt of defendant; in fact, he pleaded guilty before the justice of the peace. Defendant contends, however, that the justice of the peace had no jurisdiction in the matter because the offense was committed in the County of Philadelphia. The offense of overloading a truck is a continuing offense and defendant could have been arrested in any county through which he drove the truck or in which he was found in possession of the same. The question then narrows down as to whether the fact that defendant was requested or directed by the officers to drive the truck into Montgomery County for the purpose of weighing deprives this county of jurisdiction of the case.

Under the authority of section 904 of The Vehicle Code of 1929 P. L. 905, the officers directed defendant to the nearest available spot where it could be weighed, which was in Montgomery County.

In Com. v. Walker, 71 D. & C. 279 (1950), Judge Sheely of Adams County, for whose opinion we have a high regard, had before him a situation almost identical with the facts of this case. Judge Sheely held that the jurisdiction in which the truck was weighed was the proper jurisdiction within which to prosecute

the wrongdoer. Nothing can be added with profit to what Judge Sheely has so well said.

The only difference in the facts of the two cases is that in the Adams County case defendant was taken to a fixed scale, while in the instant case a portable scale was used. In view of the fact that the truck defendant was driving was weighed at the nearest available place, the slight difference in the facts makes no difference in the legal questions involved. The transcribed notes of testimony were filed October 10, 1955, over a month ago, and we have waited for a brief from counsel for defendant. No brief has been forthcoming, and the decision cannot be longer delayed.

And now, November 14, 1955, defendant is found guilty of a violation of the Act of June 30, 1955, P. L. 225, and directed to appear in court room B on Friday, November 25, 1955, at 10 a.m., to receive the sentence of the court.